IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| DONALD RICHARD BAGWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:14-cv-495 |
| | ) | |
| JAMIE DIMON, MARIANNE A. LAKE, | ) | |
| GRADY I. INGLE, ELIZABETH B. ELLS, | ) | |
| JONATHAN BLAKE DAVIS, JAMES C. | ) | |
| STANFORD, COUNTY OF ORANGE, | ) | |
| STATE OF NORTH CAROLINA, | ) | |
| BARRY JACOBS, EARL MCKEE, | ) | |
| ALICE M. GORDON, BERNADETTE | ) | |
| PELISSIER, RENEE PRICE, PENNY | ) | |
| RICH, BRIAN CHARLES HIATT, | ) | |
| HEATHER HOVANEC FORD, DAVID | ) | |
| R. FORD, JACKSON D. WICKER, | ) | |
| NOAH H. HUFFSTETLER, III, ROE(S) | ) | |
| NO. 1–20, JANE DOES NO. 1–49, | ) | |
| JOHN DOES NO. 1–49, JP MORGAN | ) | |
| CHASE & CO., JP MORGAN CHASE | ) | |
| BANK, N.A., AND MARK DOROSIN | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Donald Richard Bagwell ("Plaintiff"), proceeding *pro se*, commenced this action on June 13, 2014, claiming violations of, among other things, the Fair Credit Reporting Act ("FCRA"), the Fair Debt Collection Practices Act ("FDCPA"), and state common and statutory law arising out of a North Carolina foreclosure proceeding. (ECF No. 1.) Plaintiff filed an Amended Complaint on July 7, 2014, (ECF No. 8), and a Second Amended Complaint on August 15, 2014, (ECF No. 29). Plaintiff names the following Defendants in both his

Amended Complaint and Second Amended Complaint: (1) JPMorgan Chase Bank, N.A., JPMorgan Chase & Co., and officers Jamie Dimon and Marianne A. Lake (collectively "Chase"); (2) the attorneys representing Chase in the foreclosure, Jackson D. Wicker and Noah H. Huffstetler, III (collectively "Chase Attorneys"); (3) the substitute trustees and their attorneys, Grady I. Ingle, Jonathan Blake Davis, Brian Charles Hiatt, Heather Hovanec Ford, David R. Ford, and Elizabeth B. Ells (collectively "Trustee Defendants"); (4) the State of North Carolina and the Orange County Clerk of Superior Court, James C. Stanford ("the Clerk") (collectively "State Defendants"); and (5) the County of Orange and Orange County Commissioners Barry Jacobs, Earl McKee, Mark Dorosin, Alice M. Gordon, Bernadette Pelissier, Renee Price, and Penny Rich (collectively "Orange County Defendants").

Before the Court are the following motions: (1) Chase's Rule 12(f) Motion to Strike Plaintiff['s] Second Amended Complaint or Responsive Objections to Amendment under Rule 15(a) (ECF No. 38); (2) Motions to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim filed by the Trustee Defendants, the Orange County Defendants, Chase, and the Chase Attorneys (ECF Nos. 31, 34, 36, 40); (3) the State Defendants' Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and failure to state a claim (ECF No. 47); and (4) five Motions for Partial Summary Judgment filed by Plaintiff (ECF Nos. 65, 67, 69, 71, 73). For the reasons stated below, the Court dismisses this case in its entirety.

I. BACKGROUND

This lawsuit arises out of a state foreclosure proceeding. On or about October 19, 2000, Plaintiff acquired property located at 4131 Woodland Park Drive, Hillsborough, North

Carolina ("subject property"). (ECF No. 8 ¶ 75.) On February 26, 2003, Plaintiff executed a promissory note ("Note") on the subject property in the amount of $227,200. (*See* ECF No. 37-1 at 1.) According to Plaintiff, the holder of this Note was Washington Mutual ("WaMu"). (*See* ECF No. 8 ¶¶ 25, 262, 274–75.) To secure the Note, Plaintiff executed a Deed of Trust recorded on March 4, 2003, in the Orange County Registry. (*See* ECF No. 37-1 at 3.) Plaintiff subsequently defaulted on the Note, and on or about April 4, 2013, the Substitute Trustees filed a notice of foreclosure, informing Plaintiff that Chase[1] planned to commence foreclosure proceedings because of his failure to make payments under the Note. (*See* ECF No. 31-1.)

A hearing on the foreclosure occurred before the Clerk of Orange County on November 13, 2013. The Clerk found that Plaintiff was in default under the Note and that the Deed of Trust contained a power of sale clause authorizing Chase to foreclose and sell the subject property. (*See* ECF No. 31-2 at 1.) The Clerk then entered an order permitting the Substitute Trustees to proceed with the sale of the subject property. (*Id.*) Plaintiff appealed to the Orange County Superior Court, which entered an order dismissing the appeal on March 19, 2014. (ECF No. 31-3.) Plaintiff then appealed to the North Carolina Court of Appeals. (ECF No. 31-4.) Chase notes in its briefing that Plaintiff failed to timely perfect this appeal. (ECF No. 37 at 5.) This lawsuit followed.

---

[1] Chase purchased the assets of WaMu, including Plaintiff's mortgage account. (ECF No. 8 ¶¶ 25, 37(a).)

## II. MOTION TO STRIKE SECOND AMENDED COMPLAINT

As a preliminary matter, the Court must decide whether to strike the Second Amended Complaint or, in the alternative, grant Plaintiff leave to file the Second Amended Complaint. Under Rule 15(a) of the Federal Rules of Civil Procedure, a complaint can only be amended once as a matter of course. After the initial amendment, consent of the opposing party or leave of court is required for any subsequent amendments. Chase argues that the Court should strike the Second Amended Complaint because Plaintiff had previously filed a First Amended Complaint and then filed a Second Amended Complaint without leave of court and without consent of the parties. (ECF No. 39 at 3–4.) In the alternative, Chase moves the Court to deny Plaintiff leave to file the Second Amended Complaint on the grounds that it would be futile because the Second Amended Complaint largely contains the same allegations and causes of action as the Amended Complaint. (*See id.*)

Whether the court should allow or deny a proposed amendment to a complaint is within the court's discretion. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Fourth Circuit has made clear, however, "that leave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999). The futility of a proposed amendment "turns on whether the amendment would survive a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Wolfenden v. Long*, No. 5:09-CV-00536-BR, 2010 WL 2998804, at *7 (E.D.N.C. July 26, 2010).

In reviewing Plaintiff's Second Amended Complaint, it appears that while the Second Amended Complaint asserts two additional causes of action—i.e., a second cause of action

4

under the FDCPA and a new cause of action for breach of contract—it does not include any new allegations. (*Compare* ECF No. 29, *with* ECF No. 8.) The new causes of action appear to be no more than restatements of allegations already made in the Amended Complaint. Because the Court concludes for the reasons outlined herein that the Amended Complaint must be dismissed for failure to state a claim under Rule 12(b)(6), and that the Second Amended Complaint would suffer the same fate if allowed, granting leave to allow the Second Amended Complaint would be futile since it would likewise not survive a Rule 12(b)(6) motion. Accordingly, the Court will deny Plaintiff leave to file the Second Amended Complaint and will consider only Plaintiff's causes of action outlined in his Amended Complaint (hereinafter "Complaint").

### III. STANDARD OF REVIEW

Each Defendant has moved to dismiss Plaintiff's Complaint for failure to state a claim under Rule 12(b)(6), and the State Defendants have also moved to dismiss pursuant to Rule 12 (b)(1) for lack of subject matter jurisdiction.[2]

Subject matter jurisdiction is a threshold question that relates to the power of the court to hear a case and must be resolved before a court addresses the merits of a case. *See Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 479–80 (4th Cir. 2005). The court has an independent obligation to assess whether it has subject matter jurisdiction, irrespective of whether it is raised by the parties. *Wye Oak Tech., Inc. v. Republic of Iraq*, 666 F.3d 205, 218 (4th

---

[2] The Orange County Defendants and the State Defendants have responded to the Second Amended Complaint. (*See* ECF Nos. 35, 47.) Although the Second Amended Complaint is not before the Court, the claims asserted against these Defendants will be dismissed, as discussed *infra*, for lack of subject matter jurisdiction.

5

Cir. 2011). The court's subject matter jurisdiction is limited in that the court "possess[es] only the jurisdiction authorized . . . by the United States Constitution and by federal statute." *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009). When subject matter jurisdiction is at issue, the court can make appropriate inquiry outside of the pleadings to ensure that it has the authority to entertain the case. *Id.* at 348. The burden of proving subject matter jurisdiction rests with the plaintiff, the party asserting that jurisdiction exists. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). If the plaintiff fails to prove subject matter jurisdiction, the court must dismiss the action. *Vuyyuru*, 555 F.3d at 347.

Under Rule 12(b)(6), "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although a plaintiff need only plead a short and plain statement of the claim establishing that he or she is entitled to relief, *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992), "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint must contain "sufficient allegations supporting the reasonable inference that the defendant is liable for the misconduct alleged." *Harris v. SunTrust Mortg., Inc.*, No. 12-cv-378, 2013 WL 1120846, at *2 (M.D.N.C. Mar. 18, 2013) (citing *Twombly*, 550 U.S. at 555). Although courts liberally construe *pro se* complaints, courts do not assume the role of advocate and develop claims that are not clearly raised in the *pro se* complaint. *Adler v. Anchor Funding Servs., LLC*, No. 3:10cv515, 2011 WL 1843226, at *2 (W.D.N.C. May 16, 2011) (citing *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.

1978)). Like a plaintiff represented by counsel, it is the *pro se* plaintiff's obligation to provide sufficient facts to show that he or she is entitled to relief. *Id.*

IV. **DISCUSSION**

Plaintiff's Complaint is approximately 109 pages in length and contains over 700 enumerated paragraphs. The first 94 pages of the Complaint are largely incomprehensible. Many of the enumerated paragraphs consist of one word, incomplete phrases and sentences, references to unknown defendants, and random statutes and acts.[3] While it is clear that Plaintiff's Complaint arises out of his dissatisfaction with what he terms the "wrongful foreclosure" that occurred in the Orange County state court proceeding, it is not until page 94 of the Complaint that this Court can determine what causes of action Plaintiff is attempting to assert. The Complaint contains the following causes of action: (1) violations of the FCRA by Chase; (2) breach of fiduciary duties by the State Defendants; (3) fraud by Chase, the Chase Attorneys, and the Trustee Defendants; (4) contract violations by the Trustee Defendants and the Chase Attorneys; (5) breach of fiduciary duties by the Orange County Defendants; (6) violations of the FDCPA by Chase, Chase Attorneys, and Trustee Defendants; (7) negligent hiring and supervision by Chase; and (8) various claims for declaratory relief based on these causes of action. (ECF No. 8 at 94–107.) Of the causes of action set forth by Plaintiff, only

---

[3] In addition to being largely incomprehensible, Plaintiff's Complaint contains conclusory allegations of wrongdoing, is extraordinarily redundant, and fails to comply with the basic requirement of pleading under Federal Rule 8—that is "[a] pleading . . . must contain . . . a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2); *see also* Fed. R. Civ. P. 8(d)(1) ("Each allegation must be simple, concise, and direct."). As courts have noted, "[a] plaintiff can plead himself out of court by alleging facts which show that he has no claim, even though he was not required to allege those facts." *Suthers v. Amgen Inc.*, 441 F. Supp. 2d 478, 482 (S.D.N.Y. 2006) (quoting *Jackson v. Marion Cnty.*, 66 F.3d 151, 153 (7th Cir. 1995)).

two of them allege violations of federal law. The remaining causes of action arise under state law. Because subject matter jurisdiction is a threshold issue, the Court must first determine whether Plaintiff has satisfied his burden in establishing that this Court has jurisdiction.

## A. Federal Claim

### 1. Subject Matter Jurisdiction

The Court first looks to Plaintiff' Complaint to determine what he asserts as the basis for this Court to exercise jurisdiction. *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). The Complaint includes a section captioned "Jurisdiction and Venue," which lists no less than thirty federal statutes, the Fourteenth Amendment, the Bill of Rights, and the Civil Rights Act of 1870 as bases for jurisdiction. (*See* ECF No. 8 ¶ 42.) However, mere references to federal statutes do not create jurisdiction. *See Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 154 (4th Cir. 1994). Most of Plaintiff's statutory and constitutional citations are nothing more than mere references, in that Plaintiff provides no factual predicate to support their application to this case. Plaintiff does list 28 U.S.C. § 1331, federal question jurisdiction, as one of his jurisdictional bases. Further, he asserts specific causes of action under two federal statutes: the FCRA and the FDCPA. Because Plaintiff abandons his FCRA cause of action,[4] the Court will examine only his FDCPA cause of action to determine whether it confers subject matter jurisdiction.

On page 100 of the Complaint, Plaintiff outlines as his Sixth Cause of Action violations of the FDCPA. He names Chase, the Chase Attorneys, and the Trustee Defendants

---

[4] (*See* ECF No. 56 at 10 ("Prosecutor is not alleging claims or damages under the FAIR CREDIT REPORTING ACT (FCRA) in his Claim-2.).)

collectively as the "Debt Collector Defendants." (ECF No. 8 at 100.) He states in this claim that "[s]pecifically Debt Collector Defendants knew they were not entitled to collect on the non-existent debt." (*Id.* at 102.) Further, in his prayer for relief, he requests damages for a "wrongful foreclosure" as well as a return of "all money or other property taken from Plaintiff." (*Id.* at 106.)

To the extent Plaintiff challenges the existence of the "debt" determined by the Orange County Clerk in the state court proceeding, challenges the lawfulness of the state foreclosure proceeding, or seeks the return of property and money that was the subject of the foreclosure proceeding, such challenge is barred by the *Rooker-Feldman* doctrine. *Rooker-Feldman* precludes a district court from hearing an action "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The doctrine applies where "(1) the federal court plaintiff lost in state court; (2) the plaintiff complains of 'injuries caused by state-court judgments;' (3) the state court judgment became final before the proceedings in federal court commenced; and (4) the federal plaintiff 'invit[es] district court review and rejection of those judgments.'" *Willner v. Frey*, 243 F. App'x. 744, 746 (4th Cir. 2007) (alteration in original) (quoting *Exxon*, 544 U.S. at 284). "*Rooker-Feldman* prohibits claims brought in federal court that may succeed only to the extent that the state court wrongly decided the foreclosure action." *Wilson v. SunTrust Bank*, No. 1:11CV390, 2013 WL 2285231, at *5 (M.D.N.C. May 23, 2013), *recommendation adopted*, 2013 WL 3367256 (M.D.N.C. July 5, 2013).

9

Here, the Clerk of Orange County determined that Chase held a valid debt, that Plaintiff defaulted on such debt, and that Chase had the right to foreclose and sell the subject property. (ECF No. 31-2 at 1.) *Rooker-Feldman*, therefore, divests this Court of jurisdiction to consider any claims related to the existence and validity of the debt held by Chase, the legality of the foreclosure, and the money and property that was the subject of the foreclosure. *See Smalley v. Shapiro & Burson, LLP*, 526 F. App'x. 231, 236–37 (4th Cir. 2013) (holding that the district court lacked subject matter jurisdiction under *Rooker–Feldman* to consider plaintiff's claims under the FDCPA and other statutes because the success of those claims rested on a determination that the state court decision was wrongly decided); *Baxter v. Brock & Scott PLLC*, No. 3:14-CV-65-FDW, 2014 WL 2861800, at *3 (W.D.N.C. June 23, 2014) (dismissing plaintiff's FDCPA claim because the court would be "required to effectively invalidate the judicial findings made in the state court foreclosure action"); *Shaw v. Harris*, No. 5:12-CV-804-BR, 2013 WL 5371183, at *3 (E.D.N.C. Sept. 24, 2013) (holding that the court lacked jurisdiction over plaintiff's federal claims under *Rooker-Feldman* because "[i]f the court accepted plaintiff's arguments that the state court decision was the result of conspiracy, trickery, and bad faith on the part of defendants, it would effectively declare the state court judgment fraudulently procured and thus void"). Only the United States Supreme Court has jurisdiction over these cases. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476, 482 (1983); *see Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923) (holding that a federal district courts lack jurisdiction to review challenges to a state court judgment). *Rooker-Feldman* also bars federal courts other than the Supreme Court from considering issues deemed "inextricably intertwined" with those issues that were before the state court. *Washington v. Wilmore*, 407 F.3d

274, 279 (4th Cir. 2005) (citing *Feldman*, 460 U.S. at 486). A claim is "inextricably intertwined" with a state court decision where, "in order to grant the federal plaintiff the relief sought, the federal court must determine that the [state] court judgment was erroneously entered or must take action that would render the judgment ineffectual." *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 202 (4th Cir. 1997) (alteration in original) (quoting *Ernst v. Child & Youth Servs. of Chester Cnty.*, 108 F.3d 486, 491 (3d Cir. 1997)). This Court lacks jurisdiction over Plaintiff's FDCPA claims to the extent that it challenges the validity of the state court judgment.

The Court does acknowledge, however, that Plaintiff has alleged violations of the FDCPA in his Complaint that were not specifically addressed or ruled upon in the state foreclosure proceeding, and thus, the Court will next consider whether these claims will survive Defendants' motions pursuant to Federal Rule 12(b)(6).

   **2. Failure to State a Claim**

To state a claim for violations of the FDCPA, Plaintiff must show that (1) he has been "the object of collection activity arising from a consumer debt;" (2) the Defendants qualify as debt collectors; and (3) the Defendants have "engaged in an act or omission prohibited by the FDCPA." *Davis v. Bowens*, No. 1:11CV691, 2012 WL 2999766, at *2 (M.D.N.C. July 23, 2012).

   a. Chase

Plaintiff cannot show that Chase qualifies as a "debt collector" under the FDCPA. The FDCPA defines a debt collector as one who "regularly collects or attempts to collect" a debt owed to another. 15 U.S.C. § 1692a(6) (2013). Where the holder of a debt attempts to collect its own accounts, as Chase has done here, it is not a debt collector under the FDCPA. *See Wilson v. Draper & Goldberg, P.L.L.C.*, 443 F.3d 373, 379 n.2 (4th Cir. 2006) ("[A] company's

11

own efforts to collect overdue payments from its own delinquent clients would not ordinarily make it a 'debt collector' under the [FDCPA], which specifically refers to those who collect debts 'owed or due or asserted to be owed or due *another*.'" (quoting 15 U.S.C. § 1692a(6))); *see also Scott v. Wells Fargo Home Mortg. Inc.*, 326 F. Supp. 2d 709, 718 (E.D. Va. 2003) ("[T]he law is well-settled . . . that creditors, *mortgagors*, and mo*rtgage servicing companies* are not debt collectors and are statutorily exempt from liability under the FDCPA.").

Moreover, contrary to Plaintiff's argument, the fact that the Note was securitized does not make Chase a debt collector under the FDCPA.[5] *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1038 (9th Cir. 2011) ("After a borrower takes out a home loan, the original lender may sell all or a portion of its beneficial interest in the loan and change loan servicers. The owner of the beneficial interest is entitled to repayment of the loan."); *Fiorilli v. Wells Fargo Bank, N.A.*, No. C-14-CV-00557 (DMR), 2014 WL 5454396, at *4 (N.D. Cal. Oct. 27, 2014) (rejecting the plaintiff's argument that Wells Fargo was a "debt collector" when it acquired the securitized loan through name change and merger as not supported by law); *Reyes v. GMAC Mortg. LLC*, No. 2:11-CV-100 JCM (RJJ), 2011 WL 1322775, at *3 (D. Nev. Apr. 5, 2011) ("[S]ecuritization merely creates a separate contract, distinct from [p]laintiffs['] debt obligations under the note and does not change the relationship of the parties in any way . . . ." (alterations in original) (internal quotation marks omitted)).

---

[5] Plaintiff contends that WaMu lacked the power to enforce the Note due to securitization and that Chase lacked such power when it purchased the assets of WaMu. Plaintiff therefore contends that Chase is a "debt collector," not a "creditor," as Chase pursued collection of a debt owed or due to a third party. (*See* ECF No. 8 ¶¶ 279–95, 315–33.)

12

Case 1:14-cv-00495-LCB-LPA   Document 97   Filed 05/18/15   Page 12 of 20

For these reasons, Chase is not subject to the FDCPA, and dismissal of those claims as to Chase is required.

### b. Chase Attorneys and Trustee Defendants

Plaintiff has failed to show that the Chase Attorneys and Trustee Defendants engaged in any act or omission prohibited by the FDCPA.[6] In connection with collection of a debt, the FDCPA prohibits harassing, oppressive, or abusive conduct, 15 U.S.C. § 1692d; the use of "any false, deceptive, or misleading representation," § 1692e; the use of "unfair or unconscionable means to collect or attempt to collect any debt," § 1692f; the failure of a debt collector to validate within five days after contacting the consumer, § 1692g(a); and the furnishing of documents that would lead the consumer to believe that a person other than the creditor is participating in debt collection when that is not the case, § 1692j(a).

Although Plaintiff claims violations of all the foregoing provisions, none of the alleged violations is supported by sufficient facts to give the Chase Attorneys and Trustee Defendants notice of the FDCPA violations Plaintiff attributes to them. *See Bryant v. Wells Fargo Bank, Nat'l Ass'n*, 861 F. Supp. 2d 646, 660 (E.D.N.C. 2012) ("A defendant must have fair notice of claims against it and the grounds upon which the claims rest."). Specifically, Plaintiff has failed to differentiate the alleged wrongful conduct between Defendants; instead, he repeatedly

---

[6] Arguably, Plaintiff has provided enough facts, taken as true, to bring the Trustee Defendants and Chase Attorneys within the definition of a "debt collector" as defined in the FDCPA. He has alleged that these Defendants are debt collectors and that they played some role in the foreclosure proceeding. (*See* ECF No. 8 ¶¶ 22–23, 71, 145, 223–27, 258, 516–17.) The Fourth Circuit has held that trustees and attorneys who regularly engage in debt collection can be "debt collectors" as defined in the FDCPA when they are pursuing foreclosure activities such as a foreclosure proceeding. *Wilson*, 443 F.3d at 378–79. Because the Court must accept Plaintiff's factual allegations when considering a Rule 12(b)(6) motion to dismiss, Plaintiff has satisfied the first two elements of the test.

13

lumps the Defendants together as the "Debt Collector Defendants."[7] (*See, e.g.*, ECF No. 8 at 100–03.) "Under Rule 8(a), grouping multiple defendants together in a broad allegation is insufficient to provide the defendants with fair notice of the claims against them and the grounds for relief." *Melegrito v. CitiMortgage Inc.*, No. C 11-01765 LB, 2011 WL 2197534, at *6 (N.D. Cal. June 6, 2011); *see Davis*, 2012 WL 2999766, at *3 (dismissing the amended complaint as "legally deficient" in part because the plaintiff failed to distinguish between the defendants and, instead, referred to them as "Debt Collector Defendants"); *Dealers Supply Co. v. Cheil Indus., Inc.*, 348 F. Supp. 2d 579, 590 (M.D.N.C. 2004) ("Courts have been quick to reject pleadings in which multiple defendants are lumped together and in which no defendant can determine from the complaint which of the alleged representations it is specifically charged with having made, nor the identity of the individual by whom and to whom the statements were given." (internal quotations marks omitted) (quoting *McKee v. Pope Ballard Shepard & Fowle, Ltd.*, 604 F. Supp. 927, 931 (N.D. Ill. 1985))).

Second, other than his alleged violations under § 1692g, Plaintiff has merely asserted conclusory allegations of wrongdoing to support his claims of alleged violations of 15 U.S.C. §§ 1692d, 1692e, 1692f, and 1692j. In particular, he states that the Debt Collector Defendants "violated § 1692d by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt." (ECF No. 8 at 102.) Plaintiff also alleges that the Debt Collector Defendants violated 1692f and 1692j by using "unfair or unconscionable means to collect a debt." (*Id.*) Thus, he uses the specific

---

[7] At other places in the Complaint, Plaintiff identifies Defendants as the "Foreclosing Defendants." (*See, e.g.*, ECF No. 8 ¶¶ 71, 466.)

14

elements of the statutes themselves as a basis for the alleged violations. However, reciting the elements of a potential cause of action is insufficient to withstand a motion to dismiss. *Iqbal*, 556 U.S. at 678; *see also Cobian v. Human Res. Admin.*, No. 03 Civ. 3054(DC), 2004 WL 2049278, at *1 (S.D.N.Y. Sept. 13, 2004) (holding that the plaintiff's amended complaint fails to state a cause of action because "it does not allege specific facts to support the purported causes of action" but "cites the federal statutes and makes numerous conclusory allegations").

Further, in characterizing the foreclosure as "wrongful," Plaintiff's FDCPA claim asserts that the foreclosure was procured through fraud and deception because "Foreclosing Defendants" filed counterfeit documents in the state court proceeding. (ECF No. 8 ¶¶ 248–50; *id.* at 106.) Rule 9(b) of the Federal Rules of Civil Procedure, however, requires that in alleging fraud, "a party must state with particularity the circumstances constituting the fraud." Fed. R. Civ. P. 9(b). This requires that a pleading contain the "time, place, and contents of the alleged fraudulent representation, as well as the identity of each person making the misrepresentation." *Dealers Supply Co.*, 348 F. Supp. 2d at 590. While the court recognizes that Plaintiff is prosecuting this action *pro se*, he must still adequately set forth the critical facts to support his fraud claims. The Complaint fails to provide such facts. *See Thomas v. SunTrust Mortg., Inc.*, No. 1:14CV518, 2014 WL 4641168, at *5 (M.D.N.C. Sept. 16, 2014) (dismissing the complaint for failure "to state with particularity the circumstances constituting fraud").

Finally, as for Plaintiff's allegations that the "Foreclosing Defendants" failed to validate or verify claims under § 1692g, (*see, e.g.*, ECF No. 8 ¶¶ 447, 461–62),[8] it is particularly

---

[8] In keeping with § 1692g and Plaintiff's allegations contained in the Amended Complaint, the Court uses "verification" and "validation" interchangeably.

15

noteworthy that Plaintiff does not dispute that he received copies of the Note and other mortgage-related documents. (*See id.* ¶¶ 118, 449–54.) Rather, Plaintiff believes that these Defendants have failed to verify the debt by not providing him with the original Note and/or by not providing him with verified statements of the debt. (*Id.* ¶¶ 297–302.) However, the FDCPA does not require production of the original note. *Thomas*, 2014 WL 4641168, at *5 (noting that "the debt collector only need[s] [to] provide a copy of the verification of debt," not the original note itself); *see* 15 U.S.C. § 1692g(b); *Blick v. Wells Fargo Bank, N.A.*, No. 3:11-cv-00081, 2012 WL 1030137, at *5 (W.D. Va. Mar. 27, 2012) ("[C]ourts have routinely rejected the . . . theory, otherwise known as the 'show me the note' theory, which began circulating through courts across the country in 2009." (citations omitted) (internal quotation marks omitted)). In addition, the Fourth Circuit has explained that

> verification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed; the debt collector is not required to keep detailed files of the alleged debt. . . . There is no concomitant obligation to forward copies of bills or other detailed evidence of the debt.

*Chaudhry v. Gallerizzo*, 174 F.3d 394, 406 (4th Cir. 1999). Although Plaintiff maintains that these Defendants failed to validate the debt on three or more occasions, (ECF No. 8 ¶¶ 441–42), his Complaint establishes that while the Defendants did verify the debt, (*see id.* ¶¶ 118, 449), the manner of verification provided was not satisfactory to him (*id.* ¶¶ 297–302). Plaintiff's preferred method of verification, however, does not control whether a debt collector has fulfilled his obligations under 15 U.S.C. § 1692g.

In sum, Plaintiff has provided no shortage of theories in his Complaint to support his FDCPA cause of action, however, the Complaint is fatally lacking in supporting facts. While

16

Plaintiff may believe that these Defendants' conduct was unfair, outrageous, or oppressive in connection with the foreclosure, such conclusory allegations cannot form the basis of FDCPA liability without supporting facts. Plaintiff has not provided such facts. The Court, therefore, dismisses Plaintiff's FDCPA cause of action for failure to state a claim.[9]

### B. State Law Claims

Because the Court dismisses Plaintiff's FDCPA cause of action, the only remaining causes of action arise under state law, divesting this Court of original subject matter jurisdiction over this action. The Court must therefore determine whether it will exercise supplemental jurisdiction over the state law causes of action.

"[T]rial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995); *see* 28 U.S.C. § 1367(c). In determining whether to retain jurisdiction over the state law claims, courts consider several factors, including "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Shanaghan*, 58 F.3d at 110.

This case is in the early stages of litigation and formal discovery has not commenced. There is no federal nexus to any of these state claims, as all of them stem from a North

---

[9] The FDCPA claim that Plaintiff asserted in his Second Amended Complaint contains the same fatal flaws outlined herein regarding the Amended Complaint, supporting the Court's denial of leave to amend by Plaintiff. (*See* ECF No. 29 at 107-08.)

17

Carolina foreclosure proceeding. To the extent that Plaintiff is attempting to challenge the foreclosure proceeding, resolution of that issue must first take place in North Carolina state courts and if exhausted, the United States Supreme Court. For these reasons, the Court in its discretion will decline to exercise supplemental jurisdiction over Plaintiff's state law claims. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . — judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.").

## V. CONCLUSION

Plaintiff's Complaint is by no means a short and concise statement of his claims as contemplated by Rule 8 of the Federal Rules of Civil Procedure, even construing the Complaint liberally as the Court is required to do. It contains a litany of allegations that are largely incoherent, devoid of sufficient factual matter, and based on misstatements of law. It is not the Court's role to create a claim for Plaintiff or read into his Complaint what is not there. Despite the deficiencies in the Complaint, it is clear that Plaintiff is seeking to collaterally attack the state court foreclosure proceeding, although he contends otherwise. Plaintiff's FDCPA cause of action must be dismissed for lack of subject matter jurisdiction to the extent that Plaintiff challenges the state foreclosure proceeding. It must also be dismissed for failure to state a claim upon which relief can be granted with respect to the remaining allegations outlined in the FDCPA cause of action. The Court declines to exercise supplemental jurisdiction over the state law causes of action.

For the reasons outlined above, the Court enters the following:

**ORDER**

IT IS THEREFORE ORDERED that:

1. Chase's Rule 12(f) Motion to Strike Plaintiff['s] Second Amended Complaint or Responsive Objections to Amendment under Rule 15(a) (ECF No. 38) is GRANTED.

2. The Motions to Dismiss filed by Chase, the Chase Attorneys, and the Trustee Defendants (ECF Nos. 36, 40, 31) are GRANTED. The Court will decline to exercise supplemental jurisdiction over the remaining state law causes of action as to these Defendants and, thus, such causes of action are DISMISSED WITHOUT PREJUDICE.

3. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law causes of action asserted against the Orange County Defendants and State Defendants, and such causes of action are DISMISSED WITHOUT PREJUDICE, rendering their Motions to Dismiss (ECF Nos. 34, 47) DENIED as MOOT.

4. Plaintiff's five Motions for Partial Summary Judgment (ECF Nos. 65, 67, 69, 71, 73) are DENIED as MOOT.

5. Plaintiff's Motions for Extension of Time to File a Response/Reply (ECF Nos. 87, 90, 91) are DENIED AS MOOT.

As no cause of action remains, the Amended Complaint (ECF No. 8) is DISMISSED, and the Clerk of Court is directed to CLOSE THE CASE. A judgment dismissing this action will be entered contemporaneously with this Order.

This, the 18th day of May, 2015.

/s/ Loretta C. Biggs<br>United States District Judge