# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
DONALD RICHARD BAGWELL,          )
                                 )
          Plaintiff,             )
                                 )
v.                               )
                                 )
JAMIE DIMON, MARIANNE A.         )
LAKE, GRADY I. INGLE,            )
ELIZABETH B. ELLS, JONATHAN      )
BLAKE DAVIS, JAMES C.            )
STANFORD, COUNTY OF ORANGE,      )
STATE OF NORTH CAROLINA,         )
BARRY JACOBS, EARL MCKEE,        )      1:14-CV-495
ALICE M. GORDON, BERNADETTE      )
PELISSIER, RENEE PRICE,          )
PENNY RICH, BRIAN CHARLES        )
HIATT, HEATHER HOVANEC FORD,     )
DAVID R. FORD, JACKSON D.        )
WICKER, NOAH H. HUFFSTETLER,     )
III, ROE(S) NO. 1-20, JANE       )
DOES NO. 1-49, JOHN DOES NO.     )
1-49, JP MORGAN CHASE & CO.,     )
JP MORGAN CHASE BANK, N.A.,      )
AND MARK DOROSIN,                )
                                 )
          Defendants.            )
```

### MEMORANDUM OPINION AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

This case comes before the undersigned United States Magistrate Judge on Plaintiff's Rule 59(e) Motion to Alter or Amend Judgment (the "Motion") (Docket Entry 99). (See Docket Entry dated Oct. 8, 2015.) For the reasons that follow, the Court should deny Plaintiff's Motion.

## I. BACKGROUND

Plaintiff's Motion seeks reconsideration of the Order and Judgment entered by the Court (per United States District Judge Loretta C. Biggs) on May 18, 2015 (Docket Entries 97, 98), dismissing this action. In sum, the Order dismissed Plaintiff's only federal law claim, brought under the Federal Debt Collection Practices Act, 15 U.S.C. § 1601 et. seq. ("FDCPA"), for lack of subject matter jurisdiction to the extent it challenged Plaintiff's state court foreclosure proceeding, and for failing to state a claim upon which relief could be granted. (See Docket Entry 97.) Declining to exercise supplemental jurisdiction over Plaintiff's remaining state law claims, the Court then dismissed the case. (Docket Entries 97, 98.)

In response to the dismissal, Plaintiff filed the instant Motion (Docket Entry 99), along with several requests for the Court to take judicial notice of documents purportedly recorded in the "Official Record of this Case and or in the Office of the REGISTER OF DEEDS, ORANGE, COUNTY OF, Hillsborough, North Carolina" (Docket Entry 101 at 6; Docket Entry 103 at 3; see Docket Entries 101-1, 101-2, 103-1, 103-2, 103-3, 103-4, 103-5), in Plaintiff's possession, or "[r]ecorded in the Office of the REGISTER OF DEEDS, ALAMANCE COUNTY" (Docket Entry 102 at 3; see Docket Entries 102-1, 102-2). Defendants responded in opposition (Docket Entries 104-106) and Plaintiff replied (see Docket Entries 110-113).

2

## II. MOTION FOR RECONSIDERATION

Plaintiff's Motion asks the Court "for reconsideration in its entirety and or to vacate its prior decisions" because "[n]ewly available facts . . . warrant the Court's reconsideration of [the] Court's [d]ecisions in light of these new facts," or, "[i]n the alternative, . . . Plaintiff . . . requires the Court to correct its findings of facts and conclusions of law, order and judgment removing all inaccuracies . . . so as to pave the way for an orderly appeal." (Docket Entry 100 at 9-10.) In support of the Motion, Plaintiff asserts three arguments:

(1) Plaintiff filed a valid and enforceable "Affidavit of Obligation, Claim Consensual Commercial Lein [sic]" ("Consensual Commercial Lien") against defendants Jamie Dimon, Marianne Lake, and JPMorgan Chase & Co. (the "Chase Defendants") in the Orange County Register of Deeds, which makes them liable to Plaintiff for $183,155,000.00 and qualifies them as "debt collectors" under the FDCPA (id. at 4-5);

(2) the Court impermissibly considered statements and/or arguments of counsel and adopted said statements and/or arguments in its Order (id. at 6); and

(3) the Court should have considered the Second Amended Complaint and erroneously determined that Plaintiff abandoned his claim under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et.

3

seq. ("FCRA") without issuing findings of fact and conclusions of law (id. at 8).[1]

**A. Legal Standard**

The Court may grant a motion to alter or amend a final judgment under Federal Rule of Civil Procedure 59(e) "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pacific Ins. Co. v. American Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998); see also Madison River Mgmt. Co. v. Business Mgmt. Software Corp., 402 F. Supp. 2d 617, 619 (M.D.N.C. 2005) ("A motion to reconsider is appropriate when the court has obviously misapprehended a party's position or the facts or applicable law, or when the party produces new evidence that could not have been obtained through the exercise of due diligence."). Nevertheless, "[p]ublic policy favors an end to litigation and recognizes that efficient operation requires the avoidance of re-arguing questions that have already been decided." Akeva, LLC v. Adidas Am., Inc.,

---

[1] In addition, Plaintiff alleges the Court made factual errors by mischaracterizing Plaintiff as "pro se" instead of as "sui juris" (Docket Entry 100 at 3), by mischaracterizing Plaintiff as "Donald Richard Bagwell" instead of "Donald Richard: Bagwell" (id.), by mischaracterizing Defendant "State of North Carolina" instead of "STATE OF, NORTH CAROLINA" (id.), and by mischaracterizing Defendant "Orange County" instead of "ORANGE, COUNTY OF" (id.). Plaintiff has not shown that these alleged mischaracterizations provide grounds for amending or altering the Order and Judgment.

4

385 F. Supp. 2d 559, 565 (M.D.N.C. 2005). To this end, "Rule 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Pacific Ins. Co., 148 F.3d at 403. In addition, a Rule 59(e) motion does not authorize "a party to complete presenting his case after the court has ruled against him." In re: Reese, 91 F.3d 37, 39 (7th Cir. 1996) (internal quotation marks omitted), cited with approval, Pacific Ins. Co., 148 F.3d at 403.

**B. Analysis**

Plaintiff first contends that the Consensual Commercial Lien he filed against the Chase Defendants establishes that they owe him $183,155,000.00, making their foreclosure on his property improper. (See Docket Entry 100 at 5.) In other words, Plaintiff alleges the Chase Defendants collected on a nonexistent debt, thus qualifying them as "debt collectors" under the FDCPA. (Id.) On this basis, Plaintiff contends that his FDCPA claim should have survived dismissal. (See id.)

Plaintiff previously raised these same arguments in his opposition to the Chase Defendants' motion to dismiss. (See Docket Entry 56 at 6-8.) Further, Plaintiff executed the Consensual Commercial Lien on March 28, 2013 (see Docket Entry 103-4 at 13) and filed that document with this Court before the entry of the

5

Order and Judgment (see Docket Entry 75-5 (Plaintiff's Affidavit with attached exhibits filed on Oct. 31, 2014)). These considerations defeat Plaintiff's instant Motion under Pacific Ins. Co., 148 F.3d at 403, and Akeva, LLC, 385 F. Supp. 2d at 566.

Nor does the Consensual Commercial Lien (even if valid) affect whether the Chase Defendants qualify as "debt collectors" as the FDCPA defines that term, see 15 U.S.C. § 1692a(6) (defining "debt collector" as one who "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another"). The Court has already addressed Plaintiff's argument that the Chase Defendants attempted to collect on a nonexistent debt and held, "[w]here the holder of a debt attempts to collect its own accounts, as Chase has done here, it is not a debt collector under the FDCPA." (Docket Entry 97 at 11.) Plaintiff has presented no persuasive argument showing how the Consensual Commercial Lien, or other documents as to which he requests this Court take judicial notice, alters that outcome.[2]

---

[2] Plaintiff requests the Court take judicial notice of multiple documents that he previously filed in this case and that existed before the Court entered its Order and Judgment. (Compare Docket Entries 101-1, 103-1 (Notice of Dishonor executed on Oct. 7, 2014); Docket Entries 101-2, 103-2 (Notarial Notice of Dishonor executed on Apr. 9, 2013); Docket Entry 103-3 (Witness of Criminal Activity executed on Feb. 25, 2014); Docket Entry 103-4 (Consensual Commercial Lien as to Chase Defendants executed on March 28, 2013); and Docket Entry 103-5 at 1-12 (Consensual Commercial Lien as to Grady I. Ingle, et al. executed on Jun. 25, 2013), with Docket Entry 75-8 (Notice of Dishonor); Docket Entry 75-7 (Notarial Notice of Dishonor); Docket Entry 75-11 (Witness of Criminal Activity); Docket Entry 75-5 (Consensual Commercial Lien as to Chase

The Consensual Commercial Lien therefore does not qualify as "new evidence" under Rule 59(e). See DirecTV, Inc. v. Hart, 366 F. Supp. 2d 315, 317 (E.D.N.C. 2004) (ruling that a motion to reconsider may not "merely ask[] the court 'to rethink what the [c]ourt had already thought through-rightly or wrongly'") (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)).

Plaintiff's argument that the Consensual Commercial Lien establishes his lack of indebtedness to the Chase Defendants similarly provides no basis for reconsideration. The Court previously addressed this contention and explained that, "[t]o the extent Plaintiff challenges the existence of the 'debt' determined by the Orange County Clerk in the state court proceeding, challenges the lawfulness of the state foreclosure proceeding, or seeks the return of property and money that was the subject of the foreclosure proceeding, such challenge is barred," because the

---

Defendants); and Docket Entry 75-9 (Consensual Commercial Lien as to Grady I. Ingle, et al.). These documents do not, therefore, qualify as "new evidence" under Rule 59(e). See Pacific Ins. Co., 148 F.3d at 403. In addition, Plaintiff requests the Court take judicial notice of a Consensual Commercial Lien as to David R. Ford, et al. that Plaintiff executed on September 11, 2013. (Docket Entry 103-5 at 13-25). Because this document existed before the Court entered the Order and Judgment, it does not qualify as "new evidence." See Pacific Ins. Co., 148 F.3d at 403. Finally, Plaintiff requests the Court take judicial notice of its Order and Judgment (Docket Entry 102-2) and a related document titled Notice of Harm, Damage and Distress of Bond, Presented by Affidavit (Docket Entry 102-1). These documents present no new law or evidence not available prior to entry of the Court's Order and Judgment that would warrant altering or amending the Order and Judgment. See Pac. Ins. Co., 148 F.3d at 403.

7

Rooker-Feldman doctrine prohibits a federal district court from deciding a case "'brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced.'" (Docket Entry 97 at 9 (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)).) Plaintiff introduces no new, intervening evidence or law that would warrant altering or amending the Court's Order and Judgment and he makes no convincing argument that the Court committed a clear error of law in dismissing his case. See Coryn Group II, LLC v. O.C. Seacrets, Inc., Civ. Action No. WDQ-08-2764, 2011 WL 4701749, at *2 (D. Md. Sept. 30, 2011) (unpublished) ("When a request for reconsideration merely asks the court to 'change its mind,' relief is not authorized."). In sum, Plaintiff's first argument lacks merit.

Plaintiff's second argument alleges that the Court impermissibly considered statements and/or arguments of counsel and adopted said statements and/or arguments in its Order. (Docket Entry 100 at 6.) At the motion to dismiss stage, the Court does not consider evidence from either side, only the allegations of the complaint, which the Court takes as true. Ashcroft v. Iqbal, 556 U.S. 662, 696 (2009). Plaintiff does not identify any impermissible statement and/or argument set forth by any Defendants' counsel that the Court purportedly considered. (See

8

Docket Entry 100.)  Plaintiff's second argument thus provides no basis for relief under Rule 59(e).

Plaintiff's third argument contends the Court should have allowed his FCRA claim to proceed pursuant to his Second Amended Complaint.  (Docket Entry 100 at 8.)  As the Court previously noted, Plaintiff expressly abandoned his FCRA claim in his response to the Chase Defendant's motion to dismiss.  (Docket Entry 97 at 8, fn. 4 (quoting Docket Entry 56 at 10 ("Prosecutor is not alleging claims or damages under the FAIR CREDIT REPORTING ACT (FCRA) in his Claim-2.")).)  That fact warranted the Court's action.  See Estate of Barber v. Barnes, No. 1:03CV547, 2006 WL 1806466, at *7 n.5 (M.D.N.C. Jun. 29, 2006) (unpublished) (concluding the plaintiffs abandoned their claim by affirmatively admitting in their response that no grounds for such claim existed); see also N.C. Motorcoach Ass'n v. Guilford Cty. Bd. of Educ., 315 F. Supp. 2d 784, 787 (M.D.N.C. 2004) (dismissing the plaintiff's claim with prejudice because it abandoned the claim at the motion hearing).  Additionally, the Court explained that Plaintiff's Second Amended Complaint, if allowed, would not survive a motion to dismiss, so that "granting leave to allow the Second Amended Complaint would be futile."  (Docket Entry 97 at 4-5.)  Plaintiff does not offer any legal argument or new evidence that would change that outcome.  Plaintiff's third argument thus fails.

## III. CONCLUSION

Plaintiff has not carried his burden of showing that an intervening change in controlling law occurred, that new evidence not available prior to entry of judgment exists, or that a clear error of law or manifest injustice requires correction.

**IT IS THEREFORE RECOMMENDED** that Plaintiff's Rule 59(e) Motion to Alter or Amend Judgment (Docket Entry 99) be denied.

                                              /s/ L. Patrick Auld
                                                 **L. Patrick Auld**
                                        **United States Magistrate Judge**

November 17, 2015